FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

1.16.2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                Case No.    6:26-cr-12-PGB-RMN
                                                              18 U.S.C. § 1344
DONALD HEFLIN MITCHELL                                        18 U.S.C. § 1014
    a/k/a "Arissess Maven Anglo-Busari Jr."                   18 U.S.C. § 1503
    a/k/a "Maven Evans"
    a/k/a "Miguel Sosa"
    a/k/a "Maven Sosa"
    a/k/a "Don Hardaway"

## INDICTMENT

The Grand Jury charges:

## COUNTS ONE AND TWO
**(Bank Fraud Scheme One)**

### A.  Introduction

At all times material to this Indictment:

1.    MITCHELL was a resident of the Middle District of Florida.
MITCHELL was born as Donald Heflin Mitchell in or about a date in December
1976.  In 2003, MITCHELL obtained a court order from Fulton County, Georgia,
authorizing his name to be changed to Arissess Maven Anglo Busari.  MITCHELL
from time to time used variations of these two legal names, as well as alias names, to
facilitate his fraudulent endeavors.

2.    Auto Dealer 1 was a new and used car dealer located in Orlando,
Florida, within the Middle District of Florida.

3.    Auto Dealer 2 was a new and used car dealer located in Orlando,

Florida, within the Middle District of Florida.

4.      Financial Institution 1 was a financial institution, the deposits and accounts of which were insured by the Federal Deposit Insurance Corporation (FDIC).   Financial Institution 1 maintained branches, Automatic Teller Machines (ATMs), and Automatic Teller Assist machines (ATAs) in the Middle District of Florida and elsewhere.

## B.   The Scheme and Artifice to Defraud

5.      In or about October 2025, in the Middle District of Florida and elsewhere, the defendant,

DONALD HEFLIN MITCHELL,

did knowingly and intentionally devise and intended to devise a scheme and artifice to defraud Financial Institution 1, which was a financial institution as defined in 18 U.S.C. § 20, and to obtain money, funds, credits, assets, securities, and other property owned by, and under the custody and control of, Financial Institution 1, by means of false and fraudulent pretenses, representations, and promises about a material fact.

## C.   The Manner and Means

6.      It was a part of the scheme and artifice to defraud that MITCHELL would and did visit car dealers, including Auto Dealer 1 and Auto Dealer 2, and purport to be interested in purchasing vehicles.

7.      It was a further part of the scheme and artifice to defraud that MITCHELL would and did fill out applications for credit for the purpose of

2

purchasing vehicles from Auto Dealer 1 and Auto Dealer 2, knowing that the Auto Dealers would submit the applications for credit to financial institutions on his behalf.

8.    It was a further part of the scheme and artifice to defraud that MITCHELL would and did supply materially false information in his applications for credit to Auto Dealer 1 and Auto Dealer 2, despite being required to supply truthful and complete information, including the following:

a.    MITCHELL would and did falsely represent himself to reside at a particular residence in the Isleworth gated community in Windermere, Florida, knowing that this was false.

b.    MITCHELL would and did falsely represent that he owned a home outright, knowing that this was false.

c.    MITCHELL would and did falsely represent himself to be, and have been, legitimately employed, knowing that this was false.

d.    MITCHELL would and did falsely represent that he had income from legitimate employment, knowing that this was false.

9.    It was a further part of the scheme and artifice to defraud that MITCHELL would and did perform acts and make statements to promote and achieve the scheme and artifice and to misrepresent, hide, and conceal the scheme and artifice and the acts committed in furtherance thereof.

### D.  Execution of the Scheme and Artifice to Defraud

10.    On or about the below dates in October 2025, in the Middle District of Florida and elsewhere, the defendant,

DONALD HEFLIN MITCHELL,

for the purpose of executing and attempting to execute the aforesaid scheme and artifice, knowingly and intentionally submitted the following applications for credit, which he represented to be true, correct, and complete, while knowing that the information he submitted was materially false:

| COUNT | DATE | NATURE OF EXECUTION |
|-------|------|---------------------|
| ONE | October 9, 2025 | Submission of a materially false application for credit at Auto Dealer 1, which Auto Dealer 1 submitted to Financial Institution 1 on MITCHELL's behalf |
| TWO | October 13, 2025 | Submission of a materially false application for credit at Auto Dealer 2, which Auto Dealer 2 submitted to Financial Institution 1 on MITCHELL's behalf |

All in violation of 18 U.S.C. § 1344.

### COUNT THREE
### (False Statements)

On or about October 9, 2025, in the Middle District of Florida, the defendant,

DONALD HEFLIN MITCHELL,

did knowingly make any false statement, specifically:

1.    that his present address was 5132 Fairway Oaks DR, Windermere, FL, 34786;

2.    that his time at the present address was 35 years;

3.    that his current employer was Goldman Sachs;

4.    that his current employment title was Investment Banker;

5.    that he was employed full time;

6.    that his time at his current job was 15 years;

7.    that his gross income was $1,500,000.00 yearly;

8.    that he owned his home outright; and

9.    that his monthly rent/mortgage payment was $0,

for the purpose of influencing in any way the action of an institution, the accounts of

which are insured by the Federal Deposit Insurance Corporation, upon any

application and loan.

In violation of 18 U.S.C. § 1014.

## COUNT FOUR
### (False Statements)

On or about October 13, 2025, in the Middle District of Florida, the

defendant,

DONALD HEFLIN MITCHELL,

did knowingly make any false statement, specifically:

1.    that his residence address was 5132 Fairway Oaks DR, Windermere, FL, 34786;

2.    that his time at the present address was 30 years;

3.    that his employer was OSI Solutions;

4.    that his occupation was Programmer;

5.    that his time at his current job was 15 years;

6.    that his total monthly gross income was $6,000;

7.   that he owned his home; and

8.   that his rent/mortgage payment was $0,

for the purpose of influencing in any way the action of an institution, the accounts of

which are insured by the Federal Deposit Insurance Corporation, upon any

application and loan.

In violation of 18 U.S.C. § 1014.

## COUNTS FIVE THROUGH EIGHT
### (Bank Fraud Scheme Two)

### A.   Introduction

At all times material to this Indictment:

1.   Donald Heflin MITCHELL ("MITCHELL") was a resident of the

Middle District of Florida.   MITCHELL was born as Donald Heflin Mitchell in or

about a date in December 1976 to Juanita Mitchell in Orange County, Florida.   In

2003, MITCHELL obtained a court order from Fulton County, Georgia, authorizing

his name to be changed to Arissess Maven Anglo Busari.   MITCHELL from time to

time used variations of these two legal names, as well as alias names, to facilitate his

fraudulent endeavors.

2.   Person 1 and Person 2 were married to one another on or about July 31,

2000.   Person 1 and Person 2 had three children among them, none of whom was

and is MITCHELL.

3.   Person 2 died on or about May 20, 2019.

4.     Person 1 was suffering from diminished mental capacity that rendered her vulnerable to fraud, trickery, and deception.

5.     Financial Institution 2 was a financial institution, the deposits and accounts of which were insured by the Federal Deposit Insurance Corporation (FDIC).   Financial Institution 2 maintained branches, Automatic Teller Machines (ATMs), and Automatic Teller Assist machines (ATAs) in the Middle District of Florida and elsewhere.

6.     Person 1 maintained financial accounts at Financial Institution 2.

### B.   The Scheme and Artifice to Defraud

7.     In or about the month of October 2025, in the Middle District of Florida and elsewhere, the defendant,

DONALD HEFLIN MITCHELL,

did knowingly and intentionally devise and intended to devise a scheme and artifice to obtain money, funds, credits, assets, securities, and other property owned by, and under the custody and control of, Financial Institution 2, which was a financial institution as defined in 18 U.S.C. § 20, by means of false and fraudulent pretenses, representations, and promises about a material fact.

### C.   Manner and Means

8.     It was part of the scheme and artifice to defraud that MITCHELL would and did pose as the son of Person 2 (and son and step-son of Person 1) and falsely represent that he shared a last name with Person 1 and Person 2.

7

9.      It was further part of the scheme and artifice to defraud that MITCHELL would and did obtain copies of personal documents and identification information belonging to Person 1 and Person 2, such as their marriage license, vehicle titles, social security cards, birth certificates, driver licenses, and the death certificate of Person 2, intending to use these documents to further his scheme and artifice to defraud.

10.     It was further part of the scheme and artifice to defraud that MITCHELL would and did know of Person 1's diminished mental capacity.

11.     It was further part of the scheme and artifice to defraud that MITCHELL represented to Person 1 and employees of Financial Institution 2 that he was obtaining funds belonging to Person 1 and in Financial Institution 2's custody for various purposes, such as finding housing for Person 1, paying contractors for work on a house for Person 1, or paying for nursing care for Person 1, all of which purposes were false and fraudulent and were intended by MITCHELL to result in his obtaining funds under the custody and control of Financial Institution 2.

12.     It was further part of the scheme and artifice to defraud that MITCHELL, by using trickery and deception and by exploiting Person 1's diminished mental capacity, induced Person 1 to make and attempt to make the following transactions for his financial benefit, while falsely representing to Person 1, and others, that the transactions were being made to benefit Person 1:

a.      On October 23, 2025, a withdrawal of $7,320 in cash from the Financial Institution 2 account ending in 4478, which belonged

to Person 1;

b.   On October 23, 2025, a withdrawal of $15,000 in cash from the Financial Institution 2 account ending in 4478, which belonged to Person 1; and

c.   On October 23, 2025, the issuance of a $52,000 cashier's check from a Financial Institution 2 account belonging to Person 1, payable to Arissess Anglo Busari, which MITCHELL deposited into his account ending in 6405 at Financial Institution 1 on the same date.

13.   It was further part of the scheme and artifice to defraud that MITCHELL, and others known and unknown to the grand jury, would and did create a fraudulent and fictitious durable financial power of attorney purporting to grant to MITCHELL legal authority over the financial affairs of Person 1.

14.   It was further part of the scheme and artifice to defraud that on October 29, 2025, MITCHELL, representing himself to be the son and step-son of Person 1, presented the fraudulent and fictitious durable financial power of attorney to Financial Institution 2 for the purpose of gaining control over Person 1's financial accounts.

15.   It was further part of the scheme and artifice to defraud that MITCHELL and others would and did perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the scheme and the

acts committed in furtherance thereof, including by presenting to Financial

Institution 2, and others, fraudulent and fictitious documents.

### D.   Execution of the Scheme and Artifice to Defraud

16.   On or about the date set forth below in each count, in the Middle

District of Florida and elsewhere, the defendant,

DONALD HEFLIN MITCHELL,

for the purpose of executing and attempting to execute the aforesaid scheme and

artifice to defraud, knowingly and intentionally performed and caused the following:

| COUNT | DATE | NATURE OF EXECUTION |
|---|---|---|
| **FIVE** | October 23, 2025, | A withdrawal of $7,320 in cash from the Financial Institution 2 account ending in 4478, which belonged to Person 1 and was under the custody and control of Financial Institution 2 |
| **SIX** | October 23, 2025 | A withdrawal of $15,000 in cash from the Financial Institution 2 account ending in 4478, which belonged to Person 1 and was under the custody and control of Financial Institution 2 |
| **SEVEN** | October 23, 2025 | Issuance of a $52,000 cashier's check from a Financial Institution 2 account belonging to Person 1 and under the custody and control of Financial Institution 2, payable to Arissess Anglo Busari, which MITCHELL deposited into his Financial Institution 1 account ending in 6405 on the same date |

| COUNT | DATE | NATURE OF EXECUTION |
|-------|------|---------------------|
| **EIGHT** | October 29, 2025 | Submission to Financial Institution 2 of a fraudulent and fictitious durable financial power of attorney for the purpose of gaining control of Person 1's financial accounts at Financial Institution 2 |

All in violation of 18 U.S.C. § 1344(2).

## COUNT NINE

On or about November 6, 2025, in the Middle District of Florida, the

defendant,

DONALD HEFLIN MITCHELL,

in a proceeding before a United States Magistrate Judge of this Court, did knowingly

and corruptly endeavor to influence, obstruct, and impede the due administration of

justice, including by causing the submission and attempted submission of false and

fraudulent documents with the intention that the false and fraudulent documents be

admitted as exhibits in the proceeding and by causing his attorney to make a false

proffer of facts regarding the defendant's relationship with Person 1 and Person 2.

In violation of 18 U.S.C. § 1503(a) and (b)(3).

## FORFEITURE

1.      The allegations contained in Counts One through Nine are

incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C.

§§ 981(a)(1)(C) and 982(a)(2)(A), and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. §§ 1014 and/or 1344, the

11

defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

3.      Upon conviction of a violation of 18 U.S.C. § 1503, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

4.      The property to be forfeited includes, but is not limited to, the following: an order of forfeiture for at least $74,320, which represents the proceeds of the bank fraud scheme charged in Counts Five through Eight.

5.      If any of the property described above, as a result of any act or omission of the defendant:

       a.      cannot be located upon the exercise of due diligence;

       b.      has been transferred or sold to, or deposited with, a third party;

       c.      has been placed beyond the jurisdiction of the Court;

       d.      has been substantially diminished in value; or

       e.      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28

U.S.C. § 2461(c).

A TRUE BILL,


Foreperson

GREGORY W. KEHOE
United States Attorney

By:

LAURA COFER TAYLOR
Assistant United States Attorney

By:

FRANK M. TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

13

FORM OBD-34
1/13/26 Revised

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Orlando Division

### THE UNITED STATES OF AMERICA

vs.

### DONALD HEFLIN MITCHELL
a/k/a "Arissess Maven Anglo-Busari Jr.", "Maven Evans", "Miguel Sosa", "Maven Sosa", & "Don Hardaway"

### INDICTMENT

Violations: 18 U.S.C. § 1344

A true bill.

—

Foreperson

Filed in open court this 14th day

of January, 2026.

Clerk

Bail    $_____

GPO 863 525